IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| MIKE K. STRONG, | | |
| Plaintiff, | | **8:15CV466** |
| vs. | | |
| HSBC MORTGAGE SERVICES, INC.; CALIBER HOME LOANS, INC., US Bank Trust N.A. as Trustee of LSF9 Master Participation Trust;  KOZENY & MCCUBBIN, Kerry Feld, Successor Trustee; and KERRY FELD, | | **MEMORANDUM AND ORDER** |
| Defendants. | | |

This matter is before the Court on Defendant Caliber Home Loans, Inc.'s (Caliber) Motion to Dismiss, or Alternatively, for More Definite Statement (Filing No. 9) and Defendants Kozeny & McCubbin and Kerry Feld, Successor Trustee's (collectively, K&M) Motion to Dismiss, or in the Alternative, Motion for More Definite Statement (Filing No. 11).[1]  *See* Fed. R. Civ. P. 12(b)(6), (e).  Plaintiff Mike K. Strong (Strong)— proceeding pro se—opposes the motions (Filing Nos. 15, 16).  For the reasons stated below, the Court grants Caliber's and K&M's respective motions to the extent they seek a more definite statement and denies the motions to the extent they seek dismissal.

## I.    BACKGROUND

On March 8, 2007, Strong and his wife executed a $357,000 promissory note in favor of HSBC Mortgage Services, Inc. (HSBC) in return for a loan on their home in Gretna, Nebraska.  According to the Complaint, HSBC later sold Strong's debt to Caliber and K&M acted as trustee under a deed of trust on the property.  On March 18, 2015, K&M recorded a notice of default on the loan based on Strong's failure to make payments when due.  The notice identified HSBC as the beneficiary of the deed of trust

---

[1]K&M treats Kozeny & McCubbin, L.C. and Kerry Feld, Successor Trustee, as separate defendants.  Kerry Feld is also listed separately as a defendant on the docket sheet.  Strong's Complaint and summons seem to treat them as a single defendant.

and the lawful holder of Strong's promissory note.  On May 15, 2015, K&M notified Strong the property would be sold at a foreclosure sale on June 8, 2015.  In response, Strong filed a quiet title action in state court and requested a temporary restraining order but later voluntarily dismissed the Complaint and filed for bankruptcy.  Strong avers his bankruptcy petition was dismissed because he "did not qualify."  It is not clear from the Complaint whether the foreclosure sale ever took place.

On December 29, 2015, Strong filed the present "Quiet Title Action Declaratory Judgement" against HSBC, Caliber, and K&M in state court, alleging they "willfully violated, consumer credit reporting requirements, State and Federal mortgage disclosure and notice requirements, [and] State and Federal consumer protection regulations" and committed "fraud for profit and or unjustified risk based pricing 'Mortgage Loan' fraud." That same day, Caliber removed the action to federal court (Filing No. 1) pursuant to 28 U.S.C. § 1331 because Strong asserted "numerous claims arising under and invoking federal law."[2]  *See* 28 U.S.C. §§ 1441(a), 1446.  Upon removal, Caliber and K&M separately moved to dismiss, or in the alternative, for a more definite statement.

## II.   DISCUSSION

### A.    The Named Defendants

As an initial matter, the Court has some additional questions about the status of some of the named defendants.  HSBC is named in the Complaint, but the docket sheet indicates HSBC has not entered an appearance in this case.  The materials Caliber submitted in support of removal (Filing No. 1-1) give some indication HSBC—like Caliber and K&M—was served with summons by certified mail in November 2015 while this case was pending in state court.

---

[2]Caliber's Notice of Removal states it "solely addresses § 1331" but also indicates Caliber "believes this action is also subject to removal under 28 U.S.C. § 1332 (diversity jurisdiction)."  Caliber might be right, but at this point at least, the record does not establish complete diversity.

Section 1446(b)(2)(A) provides "[w]hen a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action."  In its Notice of Removal (Filing No. 1), Caliber (1) explains US Bank Trust N.A., as Trustee for LSF9 Master Participation Trust, (US Bank) is a separate entity from Caliber and was never served with summons and (2) asserts "[t]o the extent [Strong] has properly served US Bank," the Notice of Removal is also filed on US Bank's behalf.  But Caliber's Notice of Removal is otherwise silent as to the consent of the other named defendants, including HSBC.  If HSBC was properly joined and served, Caliber presumably would have obtained and noted HSBC's consent to remove this action.

For his part, Strong did not allege any defect in removal, *see* 28 U.S.C. § 1447(c), and has not responded to Caliber's assertion that US Bank is a separate entity that has not been served.  Indeed, Strong and Caliber both refer to US Bank in their respective briefs regarding Caliber's Motion to Dismiss.  Strong also has not addressed HSBC's failure to enter an appearance in this case.  In opposing dismissal, Strong opines HSBC "is the only defendant who has provided the correct response to plaintiff's complaint, which is no response, therefore subject [sic] to declaratory judgment and relief as defined in plaintiff's complaint" (Filing No. 16).  But Strong has not sought entry of default or default judgment under Federal Rule of Civil Procedure 55.

The parties shall jointly or separately advise the Court in writing of the status of HSBC and US Bank as defendants in this case within ten (10) days of the date of this order.

### B.    Rule 12 Motions

Caliber and K&M have each moved under Federal Rule of Civil Procedure 12(b)(6) to dismiss Strong's Complaint for failing "to state a claim upon which relief can be granted" (Filing Nos. 9, 11).  "To survive a motion to dismiss, a complaint must

contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The court accepts as true all factual allegations, but is 'not bound to accept as true a legal conclusion couched as a factual allegation.'" *McAdams v. McCord*, 584 F.3d 1111, 1113 (8th Cir. 2009) (quoting *Iqbal*, 556 U.S. at 678).

In challenging the Complaint, Caliber and K&M do not take a scalpel to Strong's allegations, opting instead for a broadsword and attempting to end this case with a single blow. Without delving into Strong's allegations, despite some prior experience with Strong's claims and this type of case, Caliber simply complains that Strong's "nonsensical statements and accusations" fail "to provide *any* valid factual or legal basis for the relief he requests beyond conclusory statements." According to Caliber, Strong "cites to random statutory regulations that [he] alleges Caliber has violated" but "has failed to identify, in any way, which of the defendants allegedly violated which of the statutory provisions, or even how the regulations have been violated."

K&M likewise summarily describes the Complaint as "a compilation of nonsensical allegations that do not state any valid legal or factual basis for the relief requested." K&M also emphasizes Federal Rule of Civil Procedure 9(b) requires a party alleging fraud to "state with particularity the circumstances constituting fraud." As Caliber and K&M see it, Strong's Complaint is so deficient as to warrant prejudicial dismissal. Short of that, Caliber and K&M seek a more definite statement to enable them to reasonably respond to the Complaint. *See* Fed. R. Civ. P. 12(e).

Caliber's and K&M's briefs are short on detailed analysis of the multitude of "claims," but their arguments have some merit. *See*, *e.g.*, *Karnatcheva v. JPMorgan*

*Chase Bank, N.A.*, 704 F.3d 545, 548 (8th Cir. 2013) (affirming the dismissal of three quiet-title theories "because the plaintiffs' pleadings, on their face, have not provided anything to support their claim that the defendants' adverse claims are invalid, other than labels and conclusions, based on speculation that transfers affecting payees and assignments of the notes were invalid"). Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." That "requires more than labels and conclusions" or a "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555. "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.* As it stands, it is not clear Strong's Complaint can satisfy that standard.

After briefly describing a general mishandling of his mortgage loan, Strong provides a laundry list of more than a dozen state and federal statutes and regulations the defendants "presumably" violated. Strong then—largely failing to distinguish between the defendants—makes a series of vague and conclusory allegations that the defendants acted improperly in some way or violated one provision or another of the cited statutes and regulations. But Strong's random allegations do not effectively establish a basis for a legally cognizable claim under state or federal law. Nor do they include sufficient facts to raise a plausible claim for relief under any of the statutes and regulations he lists or allow the defendants to respond. Bare allegations that the defendants violated a statute or regulation do not suffice, particularly when the allegations do not describe each specific defendant's degree of participation, if any, in the alleged misconduct.

Strong's "allegations are variously legal conclusions, which this court may 'set aside,' abstract statements of fact, statements of fact whose relevance to the asserted claims are dubious," and obscure contentions apparently based on undeveloped legal theories cobbled together from the long list of statutes and regulations Strong haphazardly cites. *Vang v. PNC Mortg., Inc.*, 517 F. App'x 523, 526 (8th Cir. 2013) (unpublished per curiam) (quoting *Braden v. Wal–Mart Stores, Inc.*, 588 F.3d 585, 594

(8th Cir. 2009)).    Rule 8(a)(2) "demands more than . . . unadorned, the-defendant-unlawfully-harmed-me accusation[s]." *Iqbal*, 556 U.S. at 678.  For allegations of fraud, Rule 9 requires even more.  *See*, *e.g.*, *United States ex rel. Joshi v. St. Luke's Hosp., Inc.*, 441 F.3d 552, 556 (8th Cir. 2006) ("To satisfy the particularity requirement of Rule 9(b), the Complaint must plead such facts as the time, place, and content of the defendant's false representations, as well as the details of the defendant's fraudulent acts, including when the acts occurred, who engaged in them, and what was obtained as a result.").  This Court "'will not supply additional facts, nor . . . construct a legal theory for plaintiff that assumes facts that have not been pleaded.'"  *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004) (quoting *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989)).

At this time, the Court will not dismiss Strong's claims without affording him an opportunity to address the significant deficiencies in the Complaint.[3]  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) ("A document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976))).  Strong must provide factual allegations based on more than conjecture and naked legal conclusions.  The Court will closely review Strong's Amended Complaint for plausible claims; the defendants should do the same and respond specifically and appropriately.

In light of the foregoing, the Court grants Caliber's and K&M's motions to the extent they seek a more definite statement and denies the motions to the extent they seek prejudicial dismissal.

---

[3]Strong attempts to provide a more-definite statement in his opposition, but his clarifications, which focus on state substantive law, suffer almost all of the same deficiencies as his Complaint.

IT IS ORDERED:

1.  The parties must advise the Court of the status of HSBC and US Bank as defendants within ten (10) days of the date of this order.

2.  Caliber's Motion to Dismiss, or Alternatively, for More Definite Statement (Filing No. 9) and K&M's Motion to Dismiss, or in the Alternative, Motion for More Definite Statement (Filing No. 11) are GRANTED in part and DENIED in part in accordance with the terms of this order. The motions are granted to the extent they seek a more definite statement and denied to the extent they seek dismissal under Federal Rule of Civil Procedure 12(b)(6).

3.  Strong shall file an Amended Complaint consistent with this order no later than August 12, 2016. Failing to comply with this order may result in the dismissal of the Complaint.

Dated this 26th day of July, 2016.

BY THE COURT:

s/ *Robert F. Rossiter, Jr.*
United States District Judge